```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
HECTOR GALINDO,                                       :
                                                      :
                            Plaintiff,                :
                                                      :
              v.                                      :    16 Civ. 9149 (KPF)
                                                      :
EAST COUNTY LOUTH INC. d/b/a THE                      :    OPINION AND ORDER
PENNY FARTHING, EAST PUB INC. d/b/a                   :
PHEBES, DEREK KIERANS, RYAN                           :
BIRKENHEAD, DERMOT DELANEY, and                       :
MARK CANNAN,                                          :
                                                      :
                            Defendants.               :
                                                      :
------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 9, 2017
```

KATHERINE POLK FAILLA, District Judge:

The parties request that the Court approve a settlement agreement and dismiss this action, originally brought by Plaintiff Hector Galindo on behalf of himself and similarly situated employees for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 (the "FLSA"), and the New York Labor Law (the "NYLL"). At this stage in the litigation, Plaintiff has elected to proceed individually. Having reviewed the settlement materials, the Court denies without prejudice the parties' request for approval. The Court finds that the attorneys' fees are neither fair nor reasonable on this record and that the non-disparagement clause is impermissibly broad. The Court encourages the parties to revise the terms of their settlement and submit an updated agreement for the Court's review.

**BACKGROUND**

On November 23, 2016, Plaintiff Hector Galindo filed a Class and Collective Action Complaint against Defendants East County Louth Inc., doing business as The Penny Farthing; East Pub Inc., doing business as Phebes;  and individual defendants Derek Kierans, Ryan Birkenhead, Dermot Delaney, and Mark Cannan.  (Dkt. #1).  Plaintiff alleged that, from September 1, 2016, to October 21, 2016, he was employed by Defendants as a food runner at The Penny Farthing.  (*Id.*).  However, despite the brief period of employment at only one of the restaurants, Plaintiff sought to certify a wide-ranging collective action under the FLSA, and corresponding class action under the NYLL, for two restaurants.  He alleged that Defendants had failed to: (i) pay him and similarly situated workers overtime for hours worked in excess of 40 hours per week; (ii) pay him and other employees on an hourly basis; pay him and other employees spread-of-hour premiums; and (iii) provide proper wage statements and wage-and-hour notices.  (*Id.*).  Plaintiff claimed that he and other employees were entitled to recover unpaid minimum wages, unpaid overtime compensation, unpaid spread-of-hours premiums, statutory penalties, liquidated damages, and attorneys' fees pursuant to the FLSA and the NYLL. (*Id.*).

An initial pretrial conference in the matter was held on March 3, 2017.  One month later, Plaintiff filed a motion for conditional certification of a class under § 216(b) of the FLSA (the "Certification Motion").  (*See* Dkt. #30-32, 39-45 (parties' submissions)).  However, the factual support for his claims was

slight to the point of being insufficient, and in a telephonic conference held on June 6, 2017, the Court denied the motion. (Dkt. #55). In relevant part, the Court found:

> In reviewing both the complainant the Galindo declaration in light of these decisions, I find that Mr. Galindo simply has not met his burden. His allegations regarding whether the two corporate defendants operate as a single integrated enterprise and whether there was a common policy that violated the FLSA are textbook examples of the [conclusory] assertions that district courts in this circuit have repeatedly found to be insufficient[. That] . . . dearth of detail may be attributable to the brevity of his employment at The Penny Farthing; but, regardless, Mr. Galindo has not met even the low threshold that I articulated above.

(*Id.* at 14).

On September 5, 2017, the parties submitted a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Dkt. #61). By endorsement that same day, the Court sought additional information concerning the parties' contemplated settlement. (*Id.*).[1]

On October 10, 2017, the parties submitted for the Court's approval a proposed agreement under which Defendants would pay a settlement amount

---

[1] The proposed Stipulation of Voluntary Dismissal recited that it was without prejudice. (Dkt. #61). The Court notes, however, that under the terms of the Settlement Agreement, Plaintiff agrees to "fully, finally, irrevocably and forever" release Defendants from "federal and New York State wage and hour claims, which [Plaintiff] has or may have against [Defendants], whether asserted in this action or not." (Dkt. #66-1). Such language suggests that the parties intend that the action be dismissed with prejudice. The Court sees nothing in the settlement documents that speaks to the "without prejudice" qualification in the proposed stipulation; nor have the parties suggested that the nature of the stipulation exempts the proposed settlement from the Court's review. It therefore proceeds to consider the fairness of the settlement. *Cf. Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199, 206 & n.2 (2d Cir. 2015) (holding that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect," and leaving undecided the treatment of stipulations of dismissal without prejudice).

3

of $35,000 — of which $5,292 would be allocated to Plaintiff and the remaining $29,708 allocated to Plaintiff's counsel. (Dkt. #66). In a letter to the Court, Plaintiff's counsel stated that the $5,292 due to the Plaintiff would cover all back wages, liquidated damages, and statutory penalties. (*Id.*). In exchange, per the terms of the proposed agreement, Plaintiff would release all "wage and hour claims, which [Plaintiff] has or may have against [Defendants], whether asserted in this action or not." (*Id.*).

In support of their claim for $29,708 in attorneys' fees, Plaintiff's counsel submitted a log detailing the time spent on this case and the hourly rates for each member of counsel's team. According to that log, C.K. Lee, Partner at Lee Litigation Group, PLLC, billed at a rate of $550 per hour and worked on this case for 10.7 hours, of which 3.2 hours were spent on the Certification Motion (Dkt. #30); Senior Counsel Anne Seelig billed at a rate of $350 per hour and worked on the case for 46.6 hours, of which 20.3 hours were spent on the Certification Motion; Associate Angela Kwon billed at a rate of $250 per hour and worked on the case for 24.7 hours, of which 0.3 hours were spent on the Certification Motion; and Legal Assistant Luis Arnaud billed at a rate of $125 per hour and worked on the case for 12.4 hours, of which approximately 0.3 hours were spent on the Certification Motion.

The proposed settlement agreement does not include a confidentiality clause. By contrast, it does include a non-disparagement clause, according to which the parties "mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other." (Dkt. #66).

## DISCUSSION

**A.    Applicable Law**

Stipulated dismissals settling FLSA claims with prejudice "require the approval of the district court or the [Department of Labor] to take effect." *Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  In reviewing any such dismissal, the district court must evaluate "whether [the] proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable."  *Lopez* v. *Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citing *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)).

**1.    Fairness of the Settlement**

Courts evaluating the fairness and reasonableness of a proposed FLSA settlement consider the totality of circumstances, including such specific factors as:

> [i] the plaintiff's range of possible recovery; [ii] the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; [iii] the seriousness of the litigation risks faced by the parties; [iv] whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and [v] the possibility of fraud or collusion.

*Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted) (quoting *Medley* v. *Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  Conversely, courts must examine the record for facts that counsel against approval of a proposed settlement, including:

> [i] the presence of other employees situated similarly to the claimant; [ii] a likelihood that the claimant's circumstance will recur; [iii] a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and [iv] the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* at 336 (internal quotations omitted) (quoting *Dees* v. *Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)).

Relatedly, courts must ensure that any confidentiality and non-disparagement clauses are not overly restrictive. Non-disparagement clauses that would bar plaintiffs from making truthful statements about their experiences litigating the case and confidentiality clauses that would prevent public scrutiny "conflict with Congress' intent … both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Camacho* v. *Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 WL 129723, at *3 (S.D.N.Y. Jan. 9, 2015) (internal quotation marks omitted). The latter objective requires the court to consider "both the rights of the settling employee and the public at large" before approving a proposed settlement. *Id.*

### 2. Fairness of Attorneys' Fees

A district court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *See Hensley* v. *Eckerhart,* 461 U.S. 424, 437 (1983); *see also* Fed. R. Civ. P. 54(d). In particular, a court has discretion to award attorneys' fees based on a "lodestar" method or a

"percentage-of-recovery" method. *See McDaniel* v. *Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Plaintiff's counsel here seeks fees pursuant to the lodestar method. *See Marshall* v. *Deutsche Post DHL*, No. 13 Civ. 1471 (RJD) (JO), 2015 WL 5560541, at *7 (E.D.N.Y. Sept. 21, 2015) (outlining concerns with using a percentage method in FLSA cases, and concluding that "without a reliable benchmark for reasonableness under the percentage method, the lodestar method is the most appropriate method for these FLSA cases"); *cf. Meza* v. *317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (noting that courts in this District typically approve attorneys' fees "of one-third of the settlement amount in FLSA cases").

Under the lodestar method, a court must calculate the "presumptively reasonable fee," often (if imprecisely) referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cty. of Albany* (*"Arbor Hill"*), 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *see also Stanczyk* v. *City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014).[2] The court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that the "paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. Once a court has

---

[2]   As noted by this Court in a previous opinion, *see Echevarria* v. *Insight Med., P.C.*, 102 F. Supp. 3d 511, 516 n.2 (S.D.N.Y. 2015), the Supreme Court's subsequent decision in *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542 (2010), called into question certain factors first articulated by the Fifth Circuit and relied upon by the *Arbor Hill* Court.

determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997).

**B.    Analysis**

The proposed agreement submitted by the parties is, in most respects, fair and reasonable. The settlement amount that Plaintiff is to receive, $5,292, would cover all back wages, liquidated damages, and statutory penalties. The documentary evidence that Plaintiff's counsel provided shows that the settlement amount represents a full recovery for the Plaintiff on each of his claims. The agreement does not include a confidentiality clause and, as such, does not run afoul of the holdings of "the overwhelming majority of courts [that] reject the proposition that FLSA settlement agreements can be confidential." *Nights of Cabiria*, 96 F. Supp. 3d at 177 (internal citations omitted). Nonetheless, this Court cannot approve the settlement agreement in its current form, because the attorneys' fees are not fair and reasonable, and the non-disparagement clause is overly broad.

### 1.    The Attorneys' Fees Are Not Reasonable

The attorneys' fees awarded in the proposed settlement are unreasonable in two respects. First, the law firm representing Plaintiff has not justified the rates claimed by certain of its attorneys, which rates are appreciably higher than the rates typically awarded in this District in FLSA cases. Second, the

Court is unpersuaded that Plaintiff's counsel should receive full compensation for work on the Certification Motion.

### a. Certain of the Hourly Rates Are Unreasonable

Courts in this District have repeatedly found that experienced attorneys "typically charge between $300 and $400 per hour for wage-and-hour cases," *Vasquez* v. *TGD Grp., Inc.*, No. 14 Civ. 7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016), and have awarded fees at comparable rates based on that finding. *See, e.g.*, *Mendoza* v. *CGY & J Corp.*, No. 15 Civ. 9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("Indeed, courts in this District generally approve rates of $300-$400 per hour for partners in FLSA cases and $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)); *Greathouse* v. *JHS Sec. Inc.*, No. 11 Civ. 7845 (PAE) (GWG), 2017 WL 4174811, at *4 (S.D.N.Y. Sept. 20, 2017) (finding that hourly rate for partner of $360 "accords with the caselaw, which commonly reflects approvals of hourly rates of between $300 and $400 for partners in FLSA cases").

Under the proposed settlement agreement, Plaintiff's counsel would receive $29,708, or 85% of the total settlement amount. The Court is deeply concerned about this figure, which is more than five times what Plaintiff is recovering and more than twice the typical percentage-of-the-recovery award approved in this District. In an effort to assuage the Court's concerns, counsel observes that this figure is in fact less than the lodestar of $29,920 calculated

9

in its Exhibit C.  But while that may be factually true, the proffered lodestar is itself fundamentally flawed.

The lead attorney on the matter, C.K. Lee, claims entitlement to an hourly rate of $550.  The Court finds that this rate is not reasonable, joining a chorus of other courts in this District.  To be clear, the Court does not fault counsel for believing himself entitled to that rate; it does, however, fault him for suggesting that courts in this District have specifically approved this rate — a position that is at best an inexcusable oversight and at worst an equally inexcusable misrepresentation.   Mr. Lee has been repeatedly warned by judges in this District not to misstate the decisions of other courts concerning his fee awards, particularly awards that are in fact based on a percentage-of-the-recovery basis.  *See, e.g.*, *Kim* v. *511 E. 5th St., LLC*, No. 12 Civ. 8096 (JCF), 2016 WL 6833928, at *2 (S.D.N.Y. Nov. 7, 2016) ("The plaintiffs' memorandum states that rates of $550.00 per hour for Mr. Lee and $350.00 per hour for Ms. Seelig 'have been approved within the Second Circuit.' (Pl. Memo. at 4).  This broad statement is, at best, a bold mischaracterization of case law."); *see also id.* at *4 (noting that "Lee Litigation has previously been cautioned for misconstruing prior cases," and collecting cases in that regard).  At this juncture, the Court will simply remind the Lee firm of its duty of candor to the Court; should this recur, the Court will consider other, more punitive measures.

The instant case was a straightforward FLSA/NYLL action.  Plaintiff was an employee of one of the corporate Defendants for a scant few weeks.  Indeed,

the only complication in this case was engendered by Plaintiff's counsel's ill-considered decision to seek certification of a collective action on a meager record. Given these facts, the Court finds that rates of $375 for Mr. Lee and $325 for Ms. Seelig would be reasonable; it will not adjust the rates of the other lawyers on the case.

### b. Hours Billed for Counsel's Work on the Certification Motion Should Be Reduced

A review of the billing records further reveals that counsel's number of hours billed is excessive. The Court is particularly troubled by the hours that Plaintiff's counsel spent on the Certification Motion, filed pursuant to 29 U.S.C. § 216(b). Plaintiff's counsel filed the motion to conditionally certify quite a broad class, one that encompassed "all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants at each of their restaurants within the last six (6) years." (Dkt. #31). Yet the motion was doomed from the start, as counsel provided patently insufficient details concerning any observation of, or conversation with, any other employee within the putative collective action: no dates, places, or descriptions akin to what has been accepted by courts in similar instances. *See Martinez* v. *Zero Otte Nove Inc.*, No. 15 Civ. 899 (ER), 2016 WL 3554992, at *4 (S.D.N.Y. June 23, 2016) ("conclusory statements by plaintiffs averring that other employees did not receive compensation do not meet the required level of detail").

Plaintiff offered little more than conclusory statements and allegations that were inadequate support for the Certification Motion.  *See Reyes* v. *Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015) (noting that the "consensus in this district [is] that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations").  Under the circumstances, the Court does not consider it reasonable for Plaintiff's counsel to be compensated for all of the hours spent on the Certification Motion.  While the Court had considered requiring counsel to write off all of the time spent on the motion, it will assume that counsel had a sincerely-held belief in the legitimacy of the motion when it was first conceived, and will thus require only that half of the time spent on the motion be written off as unreasonable.

### 2. The Non-Disparagement Clause Is Impermissibly Broad

Turning now to the non-fees components of the Settlement Agreement, the Court is concerned with only one provision.  Section 3 ("Cooperation") of the proposed settlement agreement states that the parties "mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other." (Dkt. #66).  This non-disparagement clause is overly restrictive.  Although not every non-disparagement clause in an FLSA settlement is objectionable, clauses that effectively bar plaintiffs from making any negative statements about the defendants cannot stand.  Such clauses "must [at least] include a carve-out for truthful statements about plaintiffs'

12

experience litigating their case." *Nights of Cabiria*, 96 F. Supp. 3d at 180, n.65. The non-disparagement clause in the proposed settlement agreement provides no such carve-out and is contrary to public policy "because it inhibits one of FLSA's primary goals — to ensure 'that all workers are aware of their rights.'" *Id.* at 180 (quoting *Guareno* v. *Vincent Perito, Inc.*, No. 14 Civ. 1635 (WHP), 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)).

## CONCLUSION

For the foregoing reasons, the parties' request to approve the proposed settlement is denied without prejudice to the filing of a revised settlement agreement within two weeks of the date of this Order.

SO ORDERED.

Dated:   November 9, 2017
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge